In the Matter of the Estate of KARL SHAPIRO, Deceased. YETTA SULTAN, Appellant; SOLOMON A. SHAPIRO, Respondent.— In our opinion, upon all the facts disclosed by this record it was an improvident exercise of discretion to refuse to permit the sister to withdraw the stipulation of settlement which her counsel had placed upon the record the previous afternoon. Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

JOSEPHINE MURACO, Respondent, v. LOUIS H. FASBACH et al., Appellants.— Beldock, Acting P. J., Ughetta, Kleinfeld and Pette, JJ., concur; Brennan, J., dissents and votes to reverse the judgment and to dismiss the complaint with the following memorandum: If it be assumed that the window sill was defective and that the jury were entitled to so find, it seems to me that the defective condition would not have become injurious until the plaintiff used it in what might be called or termed an unorthodox manner. So, too, I am of the opinion that in sitting on the window sill and knowing that the window did not function properly or that a part of the window or frame or sill was defective, the plaintiff was guilty of contributory negligence as a matter of law.